UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VICTOR BLYTHE,

        Petitioner,

  v.                                                5:97-CV-00547 (NPM)

UNITED STATES OF AMERICA,

        Respondent,
_____

APPEARANCES:                                  OF COUNSEL:

CHERYL J. STURM, ESQ.
Attorney for Petitioner Victor Blythe
387 Ring Road
Chadds Ford, PA 19317

ANDREW T. BAXTER
United States Attorney
Northern District of New York
100 South Clinton Street
Syracuse, NY 13261-7198

NEAL P. McCURN, SR. J.

MEMORANDUM DECISION AND ORDER

      Presently before the court is a motion by Petitioner, Victor Blythe, pursuant to the "savings clause" of Rule 60(b) of the Federal Rules of Civil Procedure (Dkt. No. 19)[1]. He seeks to reopen the court's January 21, 1998 denial of his motion to vacate, set aside or modify his

---

[1] This case, originally assigned to Senior Judge Munson who passed away on October 5, 2008, was reassigned to Senior Judge McCurn at Dkt. No. 21.

sentence pursuant to 42 U.S.C.§ 2255, based on his claims that his conviction was obtained and sentence imposed in violation of his constitutional rights to effective assistance of counsel, due process and equal protection of the law. On May 29, 1998 the Second Circuit Court of Appeals denied petitioner's motion for a Certificate of Appealability on the court's March 17, 1998 decision.

In Petitioner's present motion, he asserts that his conviction was secured by the fraudulent actions of the government attorney who did not disclose that William Hatch, a key prosecution witness at his trial, testified in a later trial that his testimony at Petitioner's trial was untruthful, and that he should have disclosed that a New York state marijuana case was related to Petitioner's federal conspiracy case. Furthermore, the government attorney did not meet his obligations to 1) inform the district court that his New York state and federal offenses were related, and 2) inform the district court that the maximum sentence for the offense of conspiracy to distribute marijuana and cocaine, in absence of a special verdict, is five years imprisonment.

A Rule 60(b) motion does not seek the relief requested by a habeas petition, but rather, "seeks only to vacate the federal court judgment dismissing the habeas petition." Rodriguez v. Mitchell, 252 F.3d 191, 198 (2d Cir. 2001).

The savings clause of Rule 60(b) allows for an independent action that embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of trying cases that are presented for adjudication. Serzysko v. Chase Manhattan

Bank, 461 F.2d 699 (2d Cir. 1972), *cert. denied*, 409 U.S. 883, 93 S. Ct. 173, 34 L. Ed.2d 139, petition for rehearing denied, 409 U.S. 1029, 93 S. Ct. 470, 34 L. Ed.2d 324 (1972).  Under the theory that "a decision produced by fraud on the court is not in essence a decision at all and never becomes final," Kenner v. Commissioner of Internal Revenue, 387 F.2d 689, 691 (7th Cir.1968) "[t]here is no statute of limitations for bringing a fraud upon the court claim." Williams v. Vaughn, 2005 WL 3348863, at * 2, n. 3 (E.D. Pa. 2005) (citing Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944))(overruled on other grounds).

This equitable power to vacate a judgment obtained by a fraud upon the court was recognized by the Supreme Court in the Hazel-Atlas decision. See Leber-Krebs, Inc. v. Capitol Records, 779 F.2d 895, 899 (2d Cir.1985). While the Supreme Court recognized this doctrine in Hazel-Atlas, the saving clause of Fed.R.Civ.P. 60(b) provides coextensive authority. Williams, 2005 WL 3348863, at * 2, n. 3 ("The Hazel-Atlas doctrine is based on a savings clause in Fed.R.Civ.P. 60(b), which specifically provides for the continuing existence of this equitable power outside and independent of that rule."); Cooey v. Bradshaw, 216 F.R.D. 408, 412 n. 12 (D. Ohio 2003) (The " 'savings clause' of Rule 60(b) permits a party to file a motion for an independent action or a fraud upon the court. These are separate sources for obtaining relief under the Rule.") (citing Buell v. Anderson, 48 Fed. Appx. 491, 494-95 (6th Cir.2002)). Thus, whether a "fraud upon the court" claim is styled as a "Hazel-Atlas Action" or a Rule 60(b) savings clause action, the analysis is the same. Roccisano v. United States, 2003 WL 21396668 (S.D.N.Y. 2003) (construing an unsuccessful Section 2255 petitioner's "Hazel-Atlas Independent Action for Relief From Order Denying Section 2255 Motion" as a Rule 60(b) motion).

"Although both clause (3) and the saving provision of Rule 60(b) provide for relief from a judgment on the basis of fraud, the type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by timely motion." Gleason v. Jandruko 860 F.2d 556, 558(2nd Cir. 1988) (citing Hazel Atlas, 322 U.S. at 244-46). In this regard, the Petitioner must establish the type of fraud that "subvert[s] the integrity of the court itself, or is ... perpetrated by officers of the court." Id. at 560. To succeed on a "fraud upon the court" claim, a petitioner "must satisfy a very demanding standard in order to justify upsetting the finality of the challenged judgment. In order to prove fraud upon the court, the petitioner must present clear, unequivocal, and convincing evidence of a 'deliberately planned and carefully executed scheme' by a court officer." Williams, 2005 WL 3348863, at * 2 (quoting Hazel-Atlas, 322 U.S. at 245 and citing Herring v. United States, 424 F.3d 384, 386-387 (3d Cir.2005)).

When presented with a Rule 60(b) motion after the denial of a Section 2255 motion, courts in the Second Circuit must first determine whether the petitioner is attacking the underlying criminal proceeding, or attacking the subsequent habeas proceeding. Hines v. United States, 2006 WL 13013 (N.D.N.Y. 2006) "Where the Rule 60(b) application challenges determinations made in the underlying criminal matter rather than the prior habeas proceeding, the Rule 60(b) motion is, in actuality, a § 2255 petition and must meet the criteria set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")." Id. 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A); Gonzalez v. Secretary for Department of Corrections, 366 F.3d 1253,

1263 (11th Cir. 2004)( *en banc* ).

Petitioner's submissions contend that his conviction was secured by the fraudulent representation of the government during his prosecution in 1994. He makes no mention of a fraud perpetrated in the habeas proceeding. Thus, the court finds that in his Hazel-Atlas motion, Petitioner attacks the integrity of the underlying criminal proceeding and attempts to raise a challenge not previously presented in his previous Section 2255 motion. The court perceives no reason to differentiate Petitioner's "Hazel-Atlas motion" from a Rule 60(b) motion brought after a § 2255 denial. To do otherwise would take away Congress's gate-keeping criteria set forth in the AEDPA. Calderon v. Thompson, 523 U.S. 538, 558 (1998) ( "AEDPA's central concern [is] that the merits of concluded criminal proceedings not be revisited in the absence of a strong showing of actual innocence."); Gonzalez, 366 F.3d at 1269-70 ("The central purpose behind the AEDPA was to ensure greater finality of state and federal court judgments in criminal cases, and to that end its provisions greatly restrict the filing of second or successive petitions.... Applying Rule 60(b) rapidly to final judgments in habeas cases would essentially repeal the later-enacted AEDPA provisions restricting second or successive petitions."). Therefore, the court finds that portion of the Hazel-Atlas motion addressed to the underlying conviction and sentence is beyond the scope of the present proceeding and must be dismissed without prejudice to presentation before the Second Circuit Court of Appeals for authorization pursuant to 28 U.S.C. § 2244(b)(3)(A).

It will be unnecessary for the Second Circuit to consider the first ground in Petitioner's

Rule 60(b) motion, concerning the perjured testimony of William F. Hatch Jr. at Petitioner's trial. Petitioner first made this claim in his motion before this court for a Certificate of Appealability of the denial of his habeas petition. The court read the transcript of Hatch's testimony and concluded that it did not affect the outcome of Petitioner's trial in any manner. Petitioner's request for a Certificate of Appealability was denied. Subsequently the Second Circuit considered this perjured testimony issue and denied Petitioner's motion for a Certificate of Appealability thereon.

For the reasons discussed above, Petitioner's <u>Hazel-Atlas</u> motion is DENIED. That much of the action challenging the underlying conviction and sentence is DISMISSED without prejudice to presentation before the United States Court of Appeals for the Second Circuit for authorization to file a second or successive Section 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

**IT IS SO ORDERED**

Dated: June 24, 2009
       Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge